UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
3:21-cv-232-MOC-WCM

| | |
|---|---|
| ILONKA AYLWARD, | ) |
| | ) |
| Plaintiff, pro se, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| CITY OF CHARLOTTE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court on a Motion to Set Aside Default and Dismiss the Complaint as to Mecklenburg County, filed by Mecklenburg County, (Doc. No. 50); on Plaintiff's Motion to Strike (Doc. No. 61), Defendant's Motion to Set Aside Default and Dismiss the Complaint as to Mecklenburg County; and on a Motion to Dismiss for Failure to State a Claim, Motion for More Definite Statement in the Alternative, filed by Defendants Armstrong Glen, P.C. and Joseph H. Letourneau, (Doc. No. 25).

I.     BACKGROUND

Plaintiff filed this action on May 19, 2021, and she filed an Amended Complaint on July 6, 2021. The Amended Complaint is 204 pages long with 1,031 paragraphs, and names as Defendants the "City of Charlotte," "Charlotte Mecklenburg Stormwater Services," Armstrong Glen, P.C., and Joseph H. Letourneau. Plaintiff purports to bring no less than 21 claims against Defendants, including a citizen suit under the Clean Water Act, based on a project by the City of Charlotte called the Hinsdale-Tinkerbell Stormwater Drainage Project. Defendant Armstrong Glen, P.C. is the engineering firm of record for the project. Defendant Letourneau is an engineer

1

serving as a project manager for Armstrong Glen. Letourneau is the engineer responsible for preparation and review of construction drawings, Hinsdale-Tinkerbell Project, and is the engineer who placed his sealing on the Project and has personal responsibility to ensure that the design of the Project complies with requirements of all applicable laws, including the Clean Water Act.

On July 20, 2021, Defendants Armstrong Glen and Letourneau filed the pending motion to dismiss for failure to state a claim or for more a more definite statement. Plaintiff has filed a response to the motion. On August 10, 2021, Plaintiff filed a motion for entry of default against "Charlotte Mecklenburg Stormwater Services." (Doc. No. 43). On August 11, 2021, the Clerk of this Court entered default against "Charlotte Mecklenburg Stormwater Services." (Doc. No. 45). On August 26, 2021, Mecklenburg County made a limited appearance for the purpose of filing the pending motion to set aside the entry of default as to Charlotte Mecklenburg Stormwater Services. Mecklenburg County also moves to dismiss Plaintiff's claims against it to the extent that Plaintiff intended to name Mecklenburg County as a Defendant, and on the ground that Plaintiff has never served Mecklenburg County with summons.

## II. DISCUSSION

### A. Motion to Set Aside Entry of Default and Dismiss Mecklenburg County

The Court "may set aside a clerk's entry of default upon a showing of "good cause." FED. R. CIV. P. 55(c). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130.

2

Case 3:21-cv-00232-MOC-DSC   Document 69   Filed 10/29/21   Page 2 of 6

In support of the motion to set aside the entry of default as to Charlotte Mecklenburg Stormwater Services, Mecklenburg County maintains that Charlotte Mecklenburg Stormwater Services is a joint collaboration between the County of Mecklenburg and the City of Charlotte; and it is not a governmental corporation or private corporation and does not have a "principal place of business" to receive service of process. Mecklenburg County contends, therefore, and the Court agrees, that Charlotte Mecklenburg Stormwater Services is not a governmental agency capable of suing and being sued. Therefore, it is not a proper defendant in this matter. Thus, the motion to set aside the entry of default as to Charlotte Mecklenburg Stormwater Services is granted.

Next, to the extent that Mecklenburg County moves for dismissal (to the extent it is even being sued as a Defendant), the Court grants the motion to dismiss without prejudice, as Mecklenburg County has not been served with the Summons and Complaint as required by Rule 4(j)(2) of the Federal Rules of Civil Procedure. To the extent that Plaintiff has filed a motion to strike Mecklenburg County's motion to set aside the entry of default, Plaintiff's own motion is denied.

**B. Motion to Dismiss or For More Definite Statement, filed by Armstrong Glen, P.C. and Joseph H. Letourneau**

Next, as to the motion to dismiss or for a more definite statement filed by Armstrong Glen, P.C. and Joseph H. Letourneau, the Court agrees with Defendants that Plaintiff has excessively pled details about her claims, her opinions, her expert's opinions and the intent of the statutes she references, but her Amended Complaint is "neither 'short' nor 'plain' as Rule 8 requires. …While Plaintiff lists all Defendants in the caption…, she fails to explain how each Defendant is purportedly liable on each claim." Landis v. Buncombe Cty. NC Gov't, No. 1:14-

CV-00146-MR-DSC, 2015 WL 1417798, at *4 (W.D.N.C. Mar. 27, 2015), report and recommendation adopted, No. 1:14-CV-146-MR-DSC, 2016 WL 1070595 (W.D.N.C. Mar. 18, 2016). A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." Jordan v. Alternative Res. Corp., 458 F.3d 332, 344–45 (4th Cir. 2006). Thus, the Court will require a more definite statement from Plaintiff as to how Defendant Armstrong Glen, PC and Joseph H. Letourneau are liable on Plaintiff's claims.[1]

### III. CONCLUSION

For the reasons stated herein, the Court grants Mecklenburg County's motion to set aside the entry of default as to Charlotte Mecklenburg Stormwater Services and dismiss the Complaint without prejudice as to Mecklenburg County. To this extent, the Court denies Plaintiff's motion to strike Defendant's motion to aside default and dismiss the Complaint as to Mecklenburg County.

Next, the Court grants the Motion to Dismiss for Failure to State a Claim, Motion for

---

[1] Defendants Armstrong Glen and Joseph H. Letourneau alternatively contend that Plaintiff's Amended Complaint warrants dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because (1) Plaintiff has failed to plead a valid claim under the Clean Water Act because the Act anticipates claims against permittees for violation of a validly issued discharge permit; (2) Plaintiff has failed to allege Armstrong Glen and Joseph H. Letourneau were the permittees for any such permits; (3) Plaintiff has failed to specifically allege that Armstrong Glen and Joseph H. Letourneau (as opposed to the generic "Defendants") were discharging anything; and (4) Plaintiff has failed to allege sufficient facts to support a claim of civil conspiracy. Additionally, Plaintiff's Amended Complaint makes extensive allegations against "Defendants." The Court agrees with Armstrong Glen and Joseph H. Letourneau that because the obligations and responsibilities of the Defendants in this lawsuit vary greatly regarding the Project, Plaintiff's repeated references to "Defendants" are far too vague and ambiguous for Armstrong Glen and Joseph H. Letourneau to reasonably prepare an answer. Plaintiff must therefore prepare a more definite statement of what actions or inactions of Armstrong Glen and Joseph H. Letourneau injured Plaintiff and how such actions subject these Defendants to the Clean Water Act as well as the other 20 purported claims. Alternatively, Plaintiff could take a voluntary dismissal of the claims against Armstrong Glen and Joseph H. Letourneau, particularly given the arguments articulated by Defendants in their Reply. See (Doc. No. 54).

4

More Definite Statement in the Alternative, filed by Defendants Armstrong Glen, P.C. and Joseph H. Letourneau (collectively "Armstrong Glen"). Plaintiff's Amended Complaint is anything but a short and plain statement for relief.[2]

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Set Aside Default and Dismiss the Complaint as to Mecklenburg County, filed by Mecklenburg County, (Doc. No. 50), is **GRANTED**, and Plaintiff's Motion to Strike (Doc. No. 61), Defendant's Motion to Set Aside Default and Dismiss the Complaint as to Mecklenburg County is **DENIED**.

2. The entry of default as to Charlotte Mecklenburg Stormwater Services is hereby set aside and Charlotte Mecklenburg Stormwater Services is dismissed as a Defendant. The dismissal is <u>with prejudice</u> because Charlotte Mecklenburg Stormwater Services is not an entity capable of being sued.

3. Mecklenburg County is dismissed as a Defendant to the extent Plaintiff attempted to name the county as a Defendant. The dismissal is <u>without prejudice</u>.

4. Defendants Armstrong Glen, P.C.'s and Joseph H. Letourneau's Motion for More Definite Statement, (Doc. No. 25), is **GRANTED**. <u>Plaintiff shall have 30 days in which to file a more definite statement as to how Armstrong Glen, P.C. and Joseph H. Letourneau are liable for Plaintiff's claims against them, and Plaintiff shall articulate each claim for which she seeks to hold these particular Defendants liable</u>.

---

[2] Plaintiff, who is representing herself, is a licensed attorney, and she, therefore, should be well aware of the Rule 8(a)(2) requirements requiring "a <u>short and plain statement</u> of the claim showing the pleader is entitled to relief." To be sure, a 204-page Amended Complaint is not a short and plain statement.

Signed: October 28, 2021

Max O. Cogburn Jr.
United States District Judge