UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-232-MOC-DSC

| ILONKA AYLWARD, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| CITY OF CHARLOTTE, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant City of Charlotte's (hereinafter referred to as "Defendant City") Motion to Dismiss and/or Strike the entirety of Plaintiff's Third Amended Complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (Doc. No. 109). Plaintiff has filed a response to Defendant City's motion. (Doc. No. 121). Defendant City has filed a reply to that response. (Doc. No. 124). For the following reasons, Defendants City's motion is **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

This case arises out of the Hinsdale-Tinkerbell Storm Drainage Improvement Construction Project (the "Project"), a City of Charlotte development project to address stormwater, flooding, and stream erosion concerns. (Doc. No. 95 at ¶143). Plaintiff owns property located within the boundaries of the Project and claims the Project violates the Clean Water Act ("CWA") and has disturbed Plaintiff's property. (Id. at ¶14). Consequently, Plaintiff brought an action against the City of Charlotte, the engineering firm of record for the Project, the

1

engineering firm's engineer serving as project manager for the Project, and Charlotte Mecklenburg Stormwater Services – a joint collaboration between the County of Mecklenburg and the City of Charlotte that is not a governmental agency and is not capable of suing or being sued.

Plaintiff filed this action on May 19, 2021 ("First Complaint"). (Doc. No. 1). Shortly thereafter, Plaintiff filed an Amended Complaint ("Second Complaint"). (Doc. No. 12). The Second Complaint was 204 pages long–800 pages if including exhibits–and named as Defendants the City of Charlotte, Armstrong Glen, P.C., Joseph H. Letourneau, and Charlotte Mecklenburg Stormwater Services. This Court dismissed Charlotte Mecklenburg Stormwater Services as a defendant, reminded Plaintiff that Rule of Civil Procedure 8(a)(2) requires "a short and plain statement" of Plaintiff's claims, and ordered Plaintiff to file a more definite statement of what actions or inactions by Defendants Armstrong Glen, P.C., and Joseph H. Letourneau injured Plaintiff, and how such actions subject these defendants to the CWA. (Doc. No. 69). In response, Plaintiff filed another amended complaint ("Third Complaint"). This Third Complaint is 115 pages–251 pages if including exhibits–and incorporates the entire second complaint by Reference. (Doc. No. 95). Plaintiff's incorporation of the Second Complaint into the Third Complaint means that Plaintiff's allegations consisted of 319 pages–1051 pages if including exhibits.

Plaintiff's Third Complaint contains forty-one separate causes of action. Thirty-six are CWA causes of action, two are Negligence/Professional Malpractice claims against Defendants Armstrong/Letourneau, one is a § 1983 – First Amendment Claim against the City of Charlotte, one is a § 1983 – Equal Protection Clause of the 14th Amendment Claim against the City of Charlotte, and one is a § 1983 – Substantive Due Process Clause of the 14th Amendment Claim against the City of Charlotte.

Defendant City seeks dismissal of claims against it, which are specified in Counts 27-41.

(Doc. No. 95 at ¶¶584–649). Counts 27-37 alleged violations of the CWA. Count 38 alleges conspiracy to violate the CWA. Count 39 is a claim for violation of Plaintiff's rights guaranteed under the 1st Amendment of the US Constitution. Count 40 is a § 1983 claim for violation of the Equal Protection Clause of the 14th Amendment of the US Constitution. Lastly, Count 41 is a § 1983 claim for violation of the Substantive Due Process Clause of the 14th Amendment of the US Constitution.

In its Motion, Defendant City requests this Court to either: (i) dismiss this litigation with leave to replead within thirty (30) days of the Court's dismissal; (ii) in the alternative, strike Plaintiff's Third Amended Complaint; (iii) in the alternative, order Plaintiff to refile a complete consolidated complaint against all Defendants, suspend the briefing schedule for any outstanding motions until a complete consolidated complaint is filed, and enjoin Plaintiff from filing any new motions until a complete consolidated complaint is filed, or (iv) in the alternative, order a status conference with all parties to discuss options (i), (ii), and/or (iii) set forth above.

## II. STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Under Rule 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FED. R. CIV. P. 12(f). A district court has substantial discretion in its decision whether to grant a 12(f) motion. Motions to strike are generally disfavored. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

### III. DISCUSSION

In support of its motion, Defendant City alleges that Plaintiff's Third Complaint violates three separate Federal Rules of Civil Procedure: 8, 10, and 15. Plaintiff denies these allegations. However, the Third Complaint quantitively and qualitatively broadens Plaintiff's assertions, violating Rules 15 and 8.

### a. Plaintiff's Third Complaint Makes New Allegations Against Defendant City without Defendant City's Written Consent or the Court's Leave.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend its pleading within 21 days after serving it. FED. R. CIV. P. 15(a)(1). After the 21-day period, a plaintiff may amend its pleading only after receiving the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). Accordingly, a plaintiff's amended complaint is without legal effect if it required opposing party's written consent or the court's leave pursuant to FED. R. CIV. P. 15(a)(2),

4

and did not receive the opposing party's written consent or the court's leave. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1484 (3d ed.).

It is undisputed that the Third Complaint does not meet the prerequisites to amend under Federal Rule of Civil Procedure 15(a)(1). Plaintiff filed the Second Complaint on July 6, 2021, Defendant City filed its Answer on August 11, 2021, and more than 21 days passed before Plaintiff filed the Third Complaint on July 8, 2022.

Defendant City asserts that Plaintiff does not meet the prerequisites to amend under Federal Rule of Civil Procedure 15(a)(2) either, because Plaintiff has amended its pleading without opposing party's written consent or the Court's leave. In response, Plaintiff argues that the Third Complaint complies with Rule 15(a)(2). According to Plaintiff, the Third Complaint does not amend Plaintiff's pleading, because it does not assert any new causes of action. Plaintiff describes the Third Complaint as a "structural change" and "a stylistic choice adopted implemented to give defendants an extra crisp notice of the claim." (Doc. No. 121 at 6).

However, Rule 15's text is clear that it applies whenever a party amends its pleading. And a plaintiff amends their pleading when a plaintiff asserts new factual allegations, even if no new cause of action is asserted. See, e.g., Daulatzai v. Maryland, 606 F. Supp. 3d 252, 263 (D. Md. 2022) (recognizing a pleaded was amended by new factual allegations, when no new causes of action were asserted); Young v. Giant Food Stores, LLC, 108 F. Supp. 3d 301, 323 (D. Md. 2015). Here, Plaintiff concedes that she has made new factual allegations in the Third Complaint. (Doc. No. 121 at 7) ("There is, however, additional factual matter, added.").

Plaintiff did not receive Defendant City's written consent to make these new factual allegations. Moreover, this Court's instruction to craft a More Definite Statement, did not provide Plaintiff with leave to amend her pleading with additional factual allegations against

5

Defendant City. Indeed, the purpose of the Court's instruction was to hone the factual allegations, not expand them. Barnes v. Sea Hawai'i Rafting, LLC, 493 F. Supp. 3d 972, 978 (D. Haw. 2020), aff'd sub nom. Barnes v. Kris Henry, Inc., No. 20-17141, 2022 WL 501582 (9th Cir. Feb. 18, 2022) ("Generally speaking, amended pleadings may not exceed the scope of leave granted by the district court."). That is why the Court specifically requested that Plaintiff clarify how Defendant Armstrong Glen, PC and Joseph H. Letourneau are liable on Plaintiff's claims, and did not grant Plaintiff leave to lodge additional factual allegations against Defendant City. (Doc. No. 69 at 4). Therefore, Rule 15 applies here, and Plaintiff violated Rule 15 by failing to receive Defendant City's written consent or the court's leave before filing the Third Complaint.

### b. Plaintiff's Third Complaint is Neither Short nor Plain

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief." Moreover, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The rule is intended to: "give fair notice of the claim being asserted" to the adverse party; "sharpen the issues to be litigated"; and "confine discovery and the presentation of evidence at trial within reasonable bounds." T.M. v. D.C., 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013).

A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." Jordan v. Alternative Res. Corp., 458 F.3d 332, 344–45 (4th Cir. 2006). However, a district court is not obligated to rummage through complaints that have "labyrinthian prolixity", "a meandering, disorganized, prolix narrative", "confusing, ambiguous, redundant, vague and, in some respects, unintelligible" claims, or "circuitous diatribes far removed from the heart of the claim." Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935 (1973); Karlinsky v. New York Racing Ass'n, Inc., 310 F. Supp. 937, 939

6

(S.D.N.Y. 1970); Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966); Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

Here, Plaintiff's lengthy and convoluted Third Complaint violates Federal Rule of Civil Procedure 8(a)(2). Plaintiff's first complaint was 193 pages–not including exhibits. (Doc. No. 1). Plaintiff's second complaint was 204 pages–not including exhibits. (Doc. No. 12). This Court granted a motion for a More Definite Statement and cautioned Plaintiff that "to be sure, a 204-page Amended Complaint is not a short and plain statement." (Doc. No. 69). Plaintiff has now returned with a third complaint which is 115 pages, and she attempts to incorporate nearly all 204 pages of her second complaint by reference, resulting in a 319-page complaint. (Doc. No. 95). Plaintiff's superfluous and tangential language hinders the coherence of Plaintiff's pleading. Instead of simplifying and clarifying her allegations, as directed by this Court, Plaintiff has further obfuscated her pleading.

Plaintiff argues that a short and plain statement depends on the circumstances of the case. (Doc. No. 121 at 16). True. However, the circumstances here do not demand a full analysis of municipal manuals, engineering standards, and the intricacies of slope grading configurations. Moreover, Plaintiff has incorporated nearly her entire second complaint by stating, "[e]xcept as explicitly stated below, all allegations of the Second Verified Amended Complaint are incorporated by reference." (Doc. No. 95 at 7). This incorporation results in a complaint that is even longer and more convoluted than the Third Complaint alone. Plaintiff has provided a deluge of verbiage at the expense of a clear articulation of her factual assertions and causes of action.

  **c. Third Complaint's Incorporation of the Second Complaint**

Federal Rule of Civil Procedure 10(c) allows a party to incorporate a statement in previous pleading into a subsequent pleading or motion by reference. FED. R. CIV. P. 10(c). Rule

7

10(c) requires a party's incorporation of a previous pleading to "be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 446 (E.D. Va. 2009), aff'd, 382 Fed. Appx. 256 (4th Cir. 2010).

Defendant City argues that the Third Complaint's nearly entire incorporation of the Second Complaint violates Rule 10(c). Plaintiff responds that the incorporation of the Second Complaint is sufficiently direct and explicit to meet the requirements of Rule 10(c). The Court will refrain from addressing parties' arguments regarding Rule 10(c), because it has already determined that the Third Complaint violates Federal Rules of Civil Procedure 15 and 8. However, the Second Complaint and the Third Complaint are both verbose, and entangling the two risks confusion, so Plaintiff is on notice that "the safer practice is to introduce an amended pleading that is complete in itself." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (3d ed.).

### IV. CONCLUSION

In sum, Plaintiff's Third Complaint violates Federal Rules of Civil Procedure 15 and 8. These violations result in a lengthy and convoluted Complaint that impedes Defendant City from ascertaining the nature and extent of Plaintiff's allegations. To clarify Plaintiff's Complaint against Defendants, this Court orders Plaintiff to file a short, plain, and complete consolidated complaint against Defendants. The consolidated complaint shall not include incorporation of prior complaints and will supersede prior complaints once it is filed. This is intended to simplify Plaintiff's factual and legal assertions, and consequently Plaintiff is not granted leave to assert new factual allegations or legal arguments that have not already been articulated in Plaintiff's Second and Third complaints. Plaintiff is on notice that another lengthy and convoluted

Complaint may result in dismissal of Plaintiff's Complaint. Until Plaintiff files her consolidated complaint, this Court will suspend the briefing schedule for any outstanding motions, and will enjoin Plaintiff from filing any new motions.

### ORDER

**IT IS THEREFORE ORDERED** that Defendant City's Motion to Dismiss and/or Strike the entirety of Plaintiff's Third Amended Complaint, Doc. No. 109, is **GRANTED** in part and **DENIED** in part. Plaintiff shall have 30 days to file a short, plain, and complete consolidated complaint against Defendants. The consolidated complaint shall not include incorporation of prior complaints and will supersede prior complaints once it is filed. Furthermore, Plaintiff is not granted leave to assert new factual allegations or legal arguments in its consolidated complaint. Until the consolidated complaint is filed, the briefing schedule for any outstanding motions is suspended, and Plaintiff is enjoined from filing any new motions.

Signed: May 8, 2023

Max O. Cogburn Jr
United States District Judge