UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-232-MOC-DSC

| ILONKA AYLWARD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| CITY OF CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Motions to Dismiss Plaintiff's Amended Complaint, filed by Defendants Armstrong Glen, P.C., Joseph H. Letourneau, and City of Charlotte (the "City"), pursuant to Rules 12(b)(1), 12(b)(6), 41(b), and 8 of the Federal Rules of Civil Procedure. (Doc. Nos. 153, 157). Also pending are the following motions filed by pro se Plaintiff Ilonka Aylward: Motion to Strike Armstrong Glen's Reply Brief, Motion to Strike Memorandum in Support of Motion to Dismiss, Motion for Preliminary Injunction, Motion to Strike Defendant City's Reply Memorandum (Doc. Nos. 174, 179, 185, 193).

I. BACKGROUND

A. Factual Background and Plaintiff's Claims

This case arises from Plaintiff Ilonka Aylward's concerns about the City of Charlotte's rehabilitation and replacement of decades-old, deteriorated storm water infrastructure in approximately 240 acres of the McMullen Creek watershed basin in and around the Beverly

1

Woods neighborhood in Charlotte. Because the parties are well-versed in the background facts of this case, the Court does not restate them here. To sum up, Plaintiff filed the pending lawsuit arising out of the City's work near her home (the "Project").

Plaintiff filed her lawsuit on May 19, 2021. Her Complaint was 193 pages with 1001 paragraphs, and 225 additional pages of exhibits. (Doc. No. 1). On July 6, 2021, Plaintiff filed her First Amended Complaint, consisting of 204 pages with 1031 paragraphs, and 596 additional pages of exhibits. (Doc. No. 12). On July 7, 2021, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunction, asking the Court to enjoin the Defendants from doing certain Project work on her property. (Doc. No. 19). This Court denied her motion, holding that Plaintiff had "clearly failed to show a likelihood of irreparable harm." (Doc. No. 59, p. 6). Plaintiff's subsequent appeal to the Fourth Circuit was denied without oral argument. See Plaintiff v. City of Charlotte, No. 21-2156, 2023 WL 2929683, at *1 (4th Cir. Apr. 13, 2023).

On May 12, 2022, Plaintiff filed a second motion seeking a temporary restraining order and preliminary injunction against the City, asking the Court to grant various types of injunctive relief concerning the City's alleged "blasting operations." (Doc. No. 77). The Court again found that Plaintiff had failed to satisfy any factor of the Winter test, noting in its Order that no "blasting" appeared to have occurred. (Doc. No. 106 p. 4). The Court found that "Plaintiff is unlikely to succeed on the merits with respect to her allegations of blasting or her broader legal claims" and that "based on a review of the record, the Court finds that Plaintiff's Clean Water Act claims are largely speculative and unsubstantiated." (Doc. No. 106, p. 4).

On June 21, 2022, Plaintiff filed a motion for partial summary judgment against the City, seeking judgment on her claims that the City was discharging pollutants at the Project "without permit coverage." (Doc. No. 82). The Court later denied this motion as moot.

2

On July 8, 2022, Plaintiff filed a Third Amended Complaint, consisting of 115 pages with 649 paragraphs, and 136 pages of exhibits.

On May 8, 2023, this Court issued an order requiring Plaintiff to file a consolidated complaint, adding that she "**is on notice that another lengthy and convoluted Complaint may result in dismissal . . .**" (Doc. No. 144, pp. 8–9).

After receiving multiple extensions, Plaintiff filed a Consolidated Verified Complaint on August 7, 2023. (Doc. No. 148). This fourth iteration contains 19 legal claims, 66 pages, 421 paragraphs of factual allegations, and 64 pages of exhibits.

Plaintiff asserts 16 legal claims against the City—four of which are entirely new:

• (1-9) violations of the Clean Water Act (¶¶ 313–45)

• (10) failure to comply with conditions of NPDES Permit No. NCS 240 (¶¶ 346–49) (new)

• (11) violation of the North Carolina Sedimentation Pollution Control Act and the City's Soil Erosion and Sedimentation Control Ordinance (¶¶ 350–55) (new);

• (12) negligence and gross negligence (¶¶ 356–70) (new);

• (13) strict liability (¶¶ 371–77) (new);

• (14) § 1983 claim for violation of the First Amendment (¶¶ 378–84);

• (15) § 1983 claim for violation of the Fourteenth Amendment (¶¶ 385–91); and

• (16) § 1983 claim for violation of the Substantive Due Process Clause of the Fourteenth Amendment (¶¶ 392–93).

II.     STANDARDS OF REVIEW

Defendants move to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for failure to state a claim under Fed. R. Civ. P. 12(b)(6), for failure to

3

comply with Fed. R. Civ. P. 8, and for failure to comply with the Rules and orders of the Court under Fed. R. Civ. P. 41.[1]

## A. Fed. R. Civ. P. 12(b)(1)

Subject matter jurisdiction under Rule 12(b)(1) is a threshold question that must be addressed by the Court before considering the merits of the case. <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999). Under Fed. R. Civ. P. 12(b)(1), this Court shall dismiss any action over which it lacks subject matter jurisdiction. Plaintiff, as the party seeking federal jurisdiction, has the burden of proving that subject matter jurisdiction exists. <u>Richmond, Fredricksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). "Federal jurisdiction may not be premised on the mere citation of federal statutes." <u>Weller v. Dept. of Soc. Servs. for the City of Baltimore</u>, 901 F.2d 387, 391 (4th Cir. 1990) (dismissal of pro se claims under Social Security Act and for sex-based discrimination). Thus, conclusory allegations of federal questions are not sufficient to confer jurisdiction when none exists. <u>See, e.g.</u>, <u>Sanderlin v. Hutchens, Senter & Britton, P.A.</u>, 783 F. Supp. 2d 798, 800 (W.D.N.C. 2011) (dismissal of pro se plaintiffs' complaint for lack of subject matter jurisdiction over claim against law firm, mortgagee, and others to enjoin foreclosure sale despite plaintiffs' assertion of "important Federal Questions").

## B. Fed. R. Civ. P. 12(b)(6)

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56

---

[1] Additionally, Defendant Kuester seeks dismissal based on insufficient service of process under Rule 12(b)(4).

4

(2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

**C. Fed. R. Civ. P. 8**

Rule 8 requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 8 is "designed to 'give fair notice of the claim being asserted' to the adverse party; 'sharpen the issues to be litigated'; and 'confine discovery and the presentation of evidence at trial within reasonable bounds.'" Casper v. Comcast Corp., No. 1:17CV826, 2020 WL 1472303, at *2 (M.D.N.C. Mar. 26, 2020) (internal citations omitted). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard for a

5

pleading stated in Rule 8." Francis v. Giacomelli, 588 F.3d 186, 192 (2009). "Plaintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." Id.

D.     Fed. R. Civ. P. 41(b) Motion to Dismiss

Rule 41(b) allows a defendant to move for dismissal of any action or claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41. The Fourth Circuit, in evaluating a Rule 41(b) motion to dismiss stated, "we must ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of "a drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal citations omitted). The Chandler court further indicated it is appropriate to consider "whether there is a pattern of deliberate dilatory action on the part of plaintiff's attorney." Id. See also Link v. Wabash R. Co., 370 U.S. 626, 634–35 (1962) (stating, in discussing dismissal pursuant to Rule 41(b), that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

III.   DISCUSSION

The Court will dismiss this action for the reasons stated in Defendants' motions to dismiss.

A.  Plaintiff's Claims against Defendant AG

First, the Court will dismiss this action as to Defendants Armstrong Glen, P.C. and Joseph H. Letourneau, P.E. (hereinafter jointly "AG") for lack of subject matter jurisdiction. Federal Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.

6

"Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." TM Mktg., Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994, 997 (D.N.J. 1992) (internal citation omitted). The CWA is the primary federal statute regarding the protection of the nation's waters; therefore, federal district courts have federal subject matter jurisdiction over CWA claims. 33 U.S.C.A. § 1365. Plaintiff's CWA claims have been dismissed.

Supplemental federal jurisdiction applies to "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. "The district courts may decline to exercise supplemental jurisdiction over a claim … if … (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Fourth Circuit has held that federal courts have "discretion to retain or dismiss state law claims when the federal basis for an action drops away." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995).

When the district court is evaluating whether to retain pendent jurisdiction over state claims, "the values of judicial economy, convenience, fairness, and comity" should be considered. Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Id. The doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Id.

The only claims left against AG are negligence claims. (Doc. No. 142). As all of

7

Plaintiff's CWA claims against AG were dismissed, Plaintiff's re-asserted negligence claims lack any basis for federal subject matter or supplemental jurisdiction and will be dismissed.

Additionally, Plaintiff attempts to confuse the issues by continuing to make allegations about how AG violated the CWA. (See Doc. No. 148, ¶¶ 11, 13, 48, 73, 74, 76–81, 86, 99, 152, 153, 160, 162, 200, 225, 230, 245, 247, 267, 268, 272, 298, 399–403). Plaintiff also makes new allegations about AG's violation of the Act "because environmental State law and municipal ordinances are incorporated into the requirements of the CWA." (Doc. No. 148, ¶ 8). But as all CWA claims against AG have been dismissed, Plaintiff's efforts to find new ways to allege AG violated the CWA are unfounded, untimely, and improper. The new state claims against AG for "violation of North Carolina environmental laws and local ordinance, [and] gross negligence" (Doc. No. 148, ¶¶ 1–4) will be dismissed, as they have no basis for federal subject matter jurisdiction and also violate Rule 15 and this Court's order as discussed below.

Without the requisite original jurisdiction based upon a claim under the CWA, there is no need for the Court to exercise supplemental jurisdiction. Thus, Plaintiff's negligence claims against AG should not be in federal court and will be dismissed.

**B. Plaintiff's Claims against Both Defendants**

Next, as to <u>both</u> Defendants, Plaintiff's action will be dismissed for failure to comply with Rule 8. Plaintiff has had <u>four</u> attempts to plead her case in compliance with Rule 8. Plaintiff is a licensed and practicing attorney who should be well aware of the Rule 8(a)(2) requirements. The Court has reminded Plaintiff in two prior orders what Rule 8 requires and how Plaintiff's second and third complaints were deficient. In an order granting Defendant AG's Motion for a More Definite Statement, the Court stated, "Plaintiff has excessively pled details about her claims, her opinions, her expert's opinions and the intent of the statutes she references, but her

8

Amended Complaint is neither 'short' nor 'plain' as Rule 8 requires." (Doc. No. 69, p. 3). In its order granting the City's Motion to Dismiss and/or Strike, the Court stated, "Plaintiff's lengthy and convoluted Third Complaint violates Federal Rule of Civil Procedure 8(a)(2)," and "Plaintiff's superfluous and tangential language hinders the coherence of Plaintiff's pleading. Instead of simplifying and clarifying her allegations, as directed by this Court, Plaintiff has further obfuscated her pleading." (Doc. No. 144, p. 6).

Plaintiff's Consolidated Complaint is once again long, complicated, confusing, inaccurate, and in violation of Rule 8. Thus, the Court finds that dismissal is appropriate for this reason alone. Accord North Carolina v. McGuirt, 114 Fed. Appx. 555, 560 (4th Cir. 2004) (unpublished) (affirming the district court's dismissal under Rule 8 where the plaintiff repeatedly violated Rule 8 in each reiteration of her complaint).

Additionally, Plaintiff's new claims are subject to dismissal under Rule 15. Other than at the inception of a lawsuit, Rule 15 bars plaintiffs from amending complaints without leave of court. FED. R. CIV. P. 15. Even if leave is requested, a motion for leave may be denied where a court finds undue delay, bad faith or dilatory motive by the party requesting leave, a repeated failure to cure deficiencies by previous amendments, undue prejudice to the other party, or futility. Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 480 (4th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Moreover, a party may not exceed the scope of leave granted to it by the court for filing an amended pleading. Barnes v. Sea Hawai'i Rafting, LLC, 493 F. Supp. 3d 972, 978–79 (D. Haw. 2020), aff'd sub nom. Barnes v. Kris Henry, Inc., No. 20-17141 (9th Cir. Feb. 18, 2022). Amended pleadings can be dismissed or stricken by the Court if not expressly permitted. Id.

In granting leave and ordering Plaintiff to file a consolidated complaint here, the Court

9

ruled that "Plaintiff is not granted leave to assert new factual allegations or legal arguments in its consolidated complaint." (Doc. No. 144, p. 9) (emphasis added). Notwithstanding this order, Plaintiff's fourth Complaint alleges new claims and allegations against Defendants. Plaintiff added claims of gross negligence, violation of the North Carolina Sedimentation Pollution Act of 1973 and municipal ordinances, and strict liability. The Court has not granted leave for the new claims in the Consolidated Complaint; therefore, Plaintiff's new claims are "without legal effect." Id. Plaintiff's claims of gross negligence, violations of North Carolina Sedimentation Pollution Act of 1973 and municipal ordinances, and strict liability are dismissed because they are in violation of Rule 15.

Furthermore, Plaintiff has not alleged a violation of the Clean Water Act ("CWA"). The CWA prohibits "the discharge of any pollutant by any person" into the waters of the United States unless the discharge complies with the CWA. 33 U.S.C. § 1251(a). But Plaintiff does not and cannot allege that any such discharge into the waters of the United States occurred. Instead, she makes a collateral attack on the agencies that issued the Project permits and makes a series of irrelevant allegations about the City's construction methods. Nowhere does she plausibly allege that the City unlawfully discharged pollutants into the waters of the United States.

Furthermore, the Court will abstain from Plaintiff's collateral attacks on NCDEQ's permitting process under Burford. See Sugarloaf Citizens Ass'n v. Montgomery Cnty., 33 F.3d 52 (4th Cir. 1994) (unpublished). Here, Plaintiff appears to argue that the Project's paperwork and constructions plans, the Erosion and Sediment Control Plan, and other Project plans are defective. Plaintiff alleges that flaws in these documents render the Project permits invalid. Burford abstention is warranted here because allowing Plaintiff's Clean Water Act claims "would be disruptive of state efforts to establish a coherent policy with respect to a matter of

10

substantial public concern." See Sugarloaf, 33 F.3d 52, at *3 (quoting NOPSI, 491 U.S. at 361). Burford abstention is also warranted because "timely and adequate state-court review is available" in North Carolina to challenge permitting decisions. See Sugarloaf, 33 F.3d 52, at *3 (quoting NOPSI, 491 U.S. at 361). Indeed, the EPA makes it easy to understand how the public can participate in the NPDES permit issuance process through a brochure. See Public Participation in the NPDES Permit Issuance Process (pdf).

Additionally, Plaintiff does not have standing to challenge the Section 404 permit. The Clean Water Act's citizen suit provision does not allow for citizen suits to enforce Section 404 permit conditions. Atchafalaya Basinkeeper v. Chustz, 682 F.3d 356, 357 (5th Cir. 2012) (upholding dismissal of 404 claims). Instead, challenges to effluent standards or limitations contained in 404 permits were expressly omitted from the list of effluent standards or limitations that may form the basis of a citizen suit. 33 U.S.C. § 1365(a) (authorizing citizen suits for violation of an effluent standard or limitation under the CWA); § 1365(f) (defining effluent standard or limitation). Because enforcement of a Section 404 permit is solely within the discretion of the USACE, Plaintiff's claims based on Section 404 fail.

**C. Plaintiff's Monell Claim against the City of Charlotte**

Plaintiff also purports to bring a claim against the City of Charlotte under 42 U.S.C. § 1983. Under Monell v. Department of Social Services of New York, 436 U.S. 658 (1978) and its progeny, a municipality is subject to § 1983 liability only when "it causes [] a deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). For Plaintiff's Section 1983 claims to survive a 12(b)(6) motion to dismiss for failure to state a claim, she must successfully plead two elements: (1) that the defendant acted under color of state law and (2) that the Plaintiff suffered a deprivation of a constitutional right as a result of the

11

action. See Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth., 320 F. Supp. 2d 378, 403 (M.D.N.C. 2004). Notably, however, "not every deprivation of a constitutional right will lead to municipal liability." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Rather, the "under color of state law" element imposes upon Plaintiff the burden of showing that an official policy or custom of the City caused the alleged violation. See Davis, 320 F. Supp. 2d at 403; see also Nance v. City of Albemarle, North Carolina, 520 F. Supp. 3d 758, 775 (M.D.N.C. 2021).

> There are four theories that can be pursued to show a custom, policy, or practice:
>
> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle, 326 F.3d at 471 (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)).

Here, Plaintiff uses boilerplate language and alleges in an entirely conclusory way that the City has policies that violate the law. But none of her three Section 1983 claims can survive, as she does not adequately allege the existence of any City policy or any injury to her arising from any alleged policy.

As to her First Amendment claim, Plaintiff alleges that the City has a "policy and practice of prohibiting engineers who work on municipal construction from disclosing to the public 'any issue which is in the City's judgment, likely to cast doubt on the competence and integrity of the City or Engineer.'" (Doc. No. 148 ¶ 2). She alleges that the City's contract with Armstrong Glen requires Armstrong Glen and its engineers to conceal from the "public and the media" any information "likely to cast doubt on the competence or integrity" of the City or Armstrong Glen.

12

(Doc. No. 148 ¶ 94). But Plaintiff does not and cannot allege any facts to suggest that the City has a "policy or practice" of silencing contractors. Mere speculation is not enough. Neither does Plaintiff allege facts to show that her First Amendment rights have been violated or that she has suffered injury. She never alleges that the City has any policy that abridged her own speech, which is the central feature of a First Amendment claim.

As to her Equal Protection and Substantive Due Process claims, Plaintiff alleges that the City

- has a "policy, custom and practice . . . to regard properly conducted construction as a 'treat,' which City discretionary 'gifts' to some landowners, but not to others" (id. ¶ 388); and
- has a "policy and practice of selectively following the laws that govern sound construction and protection of private property with regard to some citizens but not others" (id. ¶ 393);

(Doc. No. 148). Neither of these allegations is sufficient for Plaintiff to assert a claim pursuant to Section 1983, because they are unsupported by any alleged specific facts that would support the existence of such a policy. Plaintiff's allegations do not lead to a reasonable inference of municipal liability under a theory of an express policy or a widespread or persistent custom or usage because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009); see also Lytle, 26 F.3d at 471. Accordingly, Plaintiff has not plausibly alleged that the City has any liability pursuant to Section 1983.

**D. Plaintiff's Claim for a Violation of the Sedimentation Pollution Control Act against the City**

13

Next, as to Plaintiff's claim for a violation of the Sedimentation Pollution Control Act, Plaintiff lacks standing to sue under the Act. "[B]efore an injured person can have standing to bring a civil action pursuant to section 113A–66 of the [Sedimentation Pollution Control Act], the defendant must have been cited for a violation of a law, rule, ordinance, order, or erosion and sedimentation control plan." Applewood Props., LLC v. New S. Props., LLC, 366 N.C. 518, 519 (2013).

Here, Plaintiff alleges only that "the City created and implements a mechanism to avoid and, in fact, avoids, the requirement of informed landowners' consent, including against the Plaintiff." (Doc. No. 148 ¶ 352). Nowhere does Plaintiff allege that the City was ever cited for a failure to implement such a mechanism. This claim will be dismissed.

### E. Alternative Dismissal under Rule 41(b)

Finally, the Court finds that dismissal is also appropriate under Rule 41(b). The Court dismissed the CWA claims against AG and directed Plaintiff to file a consolidated complaint which did not add new facts or allegations. Plaintiff violated the Court's instructions by adding new facts and allegations. Plaintiff makes new allegations about state laws and ordinances which she claims are relevant because they are "incorporated into the requirements of the CWA." (Doc. No. 148, ¶ 8). However, the Court dismissed the CWA claims. Plaintiff has shown intentional and flagrant disregard for the process of federal litigation evidencing "a pattern of dilatory action on the part of plaintiff's attorney." Chandler, 669 F.2d at 920. This Court has discretion under Rule 41(b) to involuntarily dismiss Plaintiff's case for failure to abide by the Rules and orders of the Court. This Court has warned Plaintiff multiple times to draft a complaint that is compliant with Rule 8, and the Court has also admonished Plaintiff for blatantly violating Rule 15. Plaintiff has sought and been granted at least twenty-five extensions of time totaling more than 400 days.

14

Despite having been cautioned by the Court that "Plaintiff is on notice that another lengthy and convoluted Complaint may result in a dismissal of Plaintiff's Complaint," (Doc. No. 144, pp. 8–9), Plaintiff knowingly filed a noncompliant complaint—which is lengthy and convoluted and in direct violation of Rules 8 and 15 and this Court's order.

Furthermore, Defendants have been prejudiced by Plaintiff's actions. They have been forced to defend against four different complaints, Plaintiff's Motion for TRO and Preliminary Injunction (Doc. No. 19) and a Fourth Circuit appeal when the Court denied that Motion. (Doc. No. 59). Plaintiff's multiple extensions of time to file her reply to Defendants' responses to her motion (Doc. Nos. 30, 32, 34) and a year-long appeal of the Court's injunction denial suggest there was nothing urgent about Plaintiff's motion in the first place. Plaintiff has continued to assert allegations that AG's plans are deficient despite the Court's comments that "on review of the record, Defendants' project plans appear to comply with the law and Plaintiff appears to be wrong," (Doc. No. 95, p. 6) and "at present, Plaintiff appears very unlikely to succeed on the merits of her claims. Ultimately, it appears to the Court that Plaintiff simply does not want Defendants' infrastructure project near her home." (Doc. No. 95, p. 7). Plaintiff has shown on numerous occasions that she will not abide by the Rules, and continuing litigation with such a noncompliant Plaintiff will be incredibly burdensome for Defendants.

In sum, the Court alternatively dismisses with prejudice Plaintiff's Consolidated Complaint pursuant to Rule 41(b) for her repeated failures to comply with the Rules and orders of the Court.

## IV. CONCLUSION

Plaintiff's most recent consolidated complaint—her fourth attempt at stating a claim against Defendants—must be dismissed. Plaintiff's Amended Complaint is long and convoluted,

15

failing to comply with either Rule 8 or this Court's order. She improperly adds new claims in violation of Rule 15—again, in violation of this Court's order. She offers no cognizable federal claim that would allow this Court to have jurisdiction over the case, asserting only frivolous Clean Water Act and Section 1983 claims. As to the remaining state law claims for negligence, the Court declines to exercise supplemental jurisdiction over these claims. Thus, those claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss the Amended Complaint, (Doc. Nos. 153, 157), are **GRANTED**.

2. Plaintiff's Motion to Strike Armstrong Glen's Reply Brief, Motion to Strike Memorandum in Support of Motion to Dismiss, Motion for Preliminary Injunction, Motion to Strike Defendant City's Reply Memorandum (Doc. Nos. 174, 179, 185, 193) are **DENIED**.

3. Plaintiff's claims are all dismissed <u>with prejudice</u>, with the exception of her state law negligence claims. The Court declines to exercise supplemental jurisdiction over these claims.

4. The Clerk is directed to terminate this action.

Signed: September 4, 2024

Max O. Cogburn Jr
United States District Judge